IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY THOROUGHMAN,

                              Plaintiff,

    and

ATLAS RAILROAD CONSTRUCTION, LLC,

                           Intervenor Plaintiff,

    v.

WISCONSIN CENTRAL, LTD.,

                            Defendant.

OPINION and ORDER

15-cv-74-jdp

---

Plaintiff Anthony Thoroughman sued defendant Wisconsin Central, Ltd. after he was injured while repairing railroad track owned by Wisconsin Central. Three motions are now before the court.

First, Wisconsin Central asks to bifurcate the trial to allow a separate determination on whether Wisconsin Central was acting as Thoroughman's employer when he was injured. Dkt. 117. Bifurcation will prevent potential jury confusion and unfair prejudice to Wisconsin Central without unfairly prejudicing Thoroughman or affecting his right to a jury trial, so the court will grant this motion.

Second, intervenor plaintiff Atlas Railroad Construction, Thoroughman's direct employer, asks the court to compel Thoroughman to accept Wisconsin Central's offer of judgment. Dkt. 114. But the state law on which Atlas's motion relies does not allow the court to compel Thoroughman to settle his federal claim, so the court will deny this motion.

Third, Atlas and XL Specialty Insurance Company, Atlas's worker's compensation insurance carrier, ask to substitute XL Specialty in Atlas's place as intervenor plaintiff. Dkt. 119. Thoroughman doesn't object, so the court will grant the motion as unopposed.

ANALYSIS

**A. Bifurcation**

Thoroughman brings two claims against Wisconsin Central. His first claim arises under the Federal Employers' Liability Act (FELA), which allows an injured railroad worker to sue his employer if his employer's negligence caused his injury. Dkt. 87. Although Thoroughman was directly employed by Atlas, he contends in his FELA claim that he was acting as an employee of Wisconsin Central when he was injured. He brings his second claim, a state-law negligence claim, in the alternative. *Id.* Because FELA preempts state-law negligence claims against an injured railroad worker's employer, the negligence claim is contingent on a finding that Thoroughman was *not* Wisconsin Central's employee. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

Wisconsin Central asks the court to bifurcate the trial as follows. In the first phase, the jury will determine whether Wisconsin Central was acting as Thoroughman's employer at the time of his injury. If the jury finds that this was true, it will determine in the second phase whether Wisconsin Central violated FELA. If the jury finds in the first phase that Wisconsin Central was not acting as Thoroughman's employer at the time he was injured, then the jury will determine in the second phase whether Wisconsin Central was negligent. Dkt. 117.

The court may grant a motion to bifurcate a trial under Federal Rule of Civil Procedure 42(b) if doing so "1) serves the interests of judicial economy or is done to prevent

prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). The court has considerable discretion in deciding whether to bifurcate a trial. *Id.*

Bifurcation is appropriate here because the parties agree that the jury must first determine whether Wisconsin Central was acting as Thoroughman's employer before it can decide whether Wisconsin Central violated FELA or can be held liable under state law. Thoroughman cannot prevail on both claims, so bifurcation promotes both efficiency and fairness. If the trial is not bifurcated, the parties will have to argue both Thoroughman's FELA and negligence claims, and the jury will have to be instructed on both claims, even though the jury cannot find for Thoroughman on both claims. I'm not persuaded that any unfair prejudice would result either way, but the case will be significantly simplified for the jury if it is bifurcated this way.

Thoroughman objects that bifurcation would interfere with his right to control his litigation. But the authorities he cites to support this proposition do not address bifurcation. Rather, they concern questions such as determining the amount of a plaintiff's class-action claim for removal purposes, *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006), and determining whether to proceed without a required party that cannot be joined, *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970). And although Thoroughman has the right to control his litigation, that right does not supersede the court's power to manage the trial under Rule 42(b).

Thoroughman has not shown that bifurcation would unfairly prejudice him or violate his rights under the Seventh Amendment. The court will grant Wisconsin Central's motion to bifurcate.

## B. Offer of judgment

Atlas intervened in this case on the grounds that it paid workers' compensation for Thoroughman's injuries and that it therefore has an interest in any recovery that Thoroughman gets from Wisconsin Central. *See* Dkt. 101.

Atlas seeks to compel Thoroughman to accept Wisconsin Central's offer of judgment for $1,250,000. *See* Dkt. 113 and Dkt. 114. Atlas relies on Wis. Stat. § 102.29(1), which gives an injured employee's employer and worker's compensation insurer "the same right" as the employee to bring a claim against a third party and gives the employer or insurer "an equal voice" in the claim's prosecution. Wis. Stat. § 102.29(1)(a), (b). If there are "any disputes" about how to litigate the claim, they "shall be passed upon by the court." *Id.* § 102.29(1)(b). This includes disputes over whether to accept a defendant's settlement offer. *Adams v. Northland Equip. Co.*, 2014 WI 79, ¶¶ 37, 82, 850 N.W.2d 272, 356 Wis. 2d 529. Atlas says that Wisconsin law applies, so the court should order Thoroughman to accept the offer to protect Atlas's rights.

But Atlas ignores the fact that Thoroughman is raising a federal claim under FELA. State worker's compensation law does not control how Thoroughman litigates his FELA claim. *See St. Louis Sw. Ry. Co. v. Dickerson*, 470 U.S. 409, 411 (1985) (FELA claims are governed by federal, not state, law). Atlas says Thoroughman's FELA claim will probably fail at trial because he "will have a difficult time" proving that he was Wisconsin Central's employee. Dkt. 115, at 12. Under Wisconsin law alone, I might consider whether Thoroughman's decision to press on to trial was so risky as to be unfair to Atlas. But Atlas has cited no authority that would allow me to deprive Thoroughman of a right to a trial on his FELA claim just because Atlas thinks he might lose.

And even under Wisconsin law, I'd have to look out for Thoroughman's rights, too. Atlas's only interest is recovering its workers' compensation payments, regardless of the potential value of Thoroughman's claim. Atlas has not persuaded me that the offer of judgment is one that I should force Thoroughman to take, even if I had the authority to do so. Atlas's motion is denied.

**C. Substitution of parties**

Atlas and XL Specialty Insurance Company have moved to substitute XL Specialty in Atlas's place as an intervenor plaintiff under Federal Rule of Civil Procedure 21. Dkt. 119. Atlas and XL Specialty say that XL Specialty, not Atlas, paid Thoroughman's worker's compensation benefits and that XL Specialty, not Atlas, is therefore the real party in interest under Rule 17(a)(1). Thoroughman doesn't object to the substitution. The court will grant the motion.

Thoroughman's response raises the question of how XL Specialty will participate in the trial. XL Specialty is subrogated to Thoroughman's possible recovery from Wisconsin Central, so I don't see how XL's rights diverge from Thoroughman's for purposes of trial. I'll allow XL Specialty to explain what role, if any, it expects to play at the final pretrial conference.

ORDER

IT IS ORDERED that:

1. Defendant Wisconsin Central, Ltd.'s motion to bifurcate, Dkt. 117, is GRANTED.

2. Intervenor plaintiff Atlas Railroad Construction, LLC's motion to compel settlement, Dkt. 114, is DENIED.

3. Atlas and intervenor plaintiff XL Specialty Insurance Company's motion for substitution of parties, Dkt. 119, is GRANTED. The clerk of court is directed to amend the caption of this case accordingly.

Entered April 1, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge