IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY THOROUGHMAN,

                Plaintiff,

and

XL SPECIALTY INSURANCE COMPANY,                ORDER

                Intervenor Plaintiff,              15-cv-74-jdp

    v.

WISCONSIN CENTRAL, LTD.,

                Defendant.

---

    The court has reviewed the parties' briefs on the jury instruction proposed by plaintiff Anthony Thoroughman that any negligence on the part of his coworker Michael Lipford should be attributed to defendant Wisconsin Central. The bottom line is that Thoroughman is correct as a matter of substantive law, but the court will not instruct the jury as Thoroughman asks.

    Under the Federal Employers Liability Act (FELA), a railroad is liable for the negligence of any of its "officers, agents, or employees." 45 U.S.C. § 51. A subcontractor's employee is an agent of the railroad for the purpose of FELA liability if he is performing the railroad's "operational activities." *Sinkler v. Mo. Pac. R.R. Co.*, 356 U.S. 326, 331–32 (1958). Wisconsin Central contends that basic agency principles determine whether it should be responsible for Lipford's negligence. But main case that Wisconsin Central relies on, *Kelley v. Southern Pacific Co.*, 419 U.S. 318 (1974), concerns whether the plaintiff himself was an employee of the defendant railroad for the purposes of FELA liability, not whether the railroad was liable for the negligence of its subcontractors. Nothing in *Kelley* undermines *Sinkler*.

The court expects the evidence to show that Lipford's work was part of Wisconsin Central's "operational activities," which means that Lipford will likely be an agent of Wisconsin Central. *See Hayes v. Wis. & S. R.R., LLC,* No. 18-CV-923, 2019 WL 6117620, at *2 (E.D. Wis. Nov. 18, 2019) (collecting cases in which courts have found railroad "operational activities" to include janitorial services, employees' room and board, and employee medical care). Moreover, if the jury finds that Thoroughman was acting as an employee of Wisconsin Central, the court sees no basis to find otherwise for Lipford, which would provide another basis to impute Lipford's negligence to Wisconsin Central.

But Thoroughman didn't move for summary judgment on this issue, and the record isn't developed enough to allow the court to answer the question as a matter of law. The jury will have to make that decision. And, even if the court had resolved the issue, it would be disinclined to expressly call out the possibility of Lipford's negligence in the jury instructions, because whether Lipford was negligent is a disputed fact.

If the case proceeds under FELA, the court will instruct the jury that Wisconsin Central is liable for the negligence of its officers, agents, and employees. (The court is aware of no evidence pertaining to Wisconsin Central's officers, so it will probably delete "officers" from the final instructions.) But it will not expressly instruct the jury that any negligence by Lipford must be imputed to Wisconsin Central.

The court will distribute revised jury instructions by the end of the week.

Entered May 26, 2021.

                BY THE COURT:

                /s/
                _____
                JAMES D. PETERSON
                District Judge